Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| TRANSPORTE SONNELL, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE MOROVIS<br><br>Recurrida<br><br>AUTOS VEGA, INC.<br><br>Licitador Agraciado | KLRA202500126 | Revisión administrativa procedente de la Junta de Subastas del Municipio de Morovis<br><br>Subasta Núm. 3 (Serie 2023-2024)<br><br>Sobre: Impugnación de Adjudicación de Subasta |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 marzo de 2025.

El 4 de marzo de 2025, Transporte Sonnell, LLC presentó el recurso de *Revisión Administrativa* que nos ocupa y una *Urgente Moción en Auxilio de Jurisdicción.* En apretada síntesis, solicita que revisemos la adjudicación por parte de la Junta de Subastas del Municipio de Morovis de la Subasta Núm. 3, Serie 2023-2024, sobre *Sección 553 de la Federal Transit Administration (FTA) Vehículos Especiales para Personas de Edad Avanzada y con Discapacidad,* basado en la notificación defectuosa de la acción proyectada. También solicitó la paralización de la ejecución de la subasta y/o de la contratación de los servicios aludidos en lo que se dilucida el recurso en sus méritos.

El 4 de marzo de 2025, este Tribunal emitió una *Resolución* en la que se ordenó la paralización de la subasta y/o la contratación de los servicios señalados. También le concedimos término a la

Junta de Subastas del Municipio de Morovis para expresar su postura en cuanto al recurso presentado.

En cumplimiento con nuestra resolución, el 10 de marzo de 2025 el Municipio de Morovis compareció mediante una *Moción Informativa y Solicitud de Desestimación del Recurso*. En su escrito, afirmó que, el 7 de marzo de 2025, efectuó una nueva notificación de la adjudicación de la subasta a todos los licitadores y acompañó evidencia del envío de las comunicaciones. Así, solicitó la desestimación del recurso por éste haberse tornado académico.

El Tribunal Supremo ha expresado que un caso es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto que por alguna razón no podrá tener efectos prácticos. *Bathia Gautier v. Gobernador*, 199 DPR 59, 73 (2017). Los tribunales pierden su jurisdicción sobre un caso cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia. *CEE v. Depto. de Estado*, 134 DPR 927, 935-936 (1993). Una vez se determina que un pleito es académico, los tribunales están impedidos de considerarlo en sus méritos. *Bathia Gautier v. Gobernador,* supra.

En virtud de ello, y conforme a lo dispuesto en la Regla 83 (B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, desestimamos el recurso del título por este haberse tornado académico.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones